IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TINA CONNOR, | |
| Plaintiff, | |
| v. | Case No. 23 C 2174 |
| LVNV FUNDING, LLC, & BLITT AND GAINES PC., | Judge Harry D. Leinenweber |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

On February 24, 2023, Plaintiff Tina Connor ("Connor") filed a Complaint in the Circuit Court of Cook County against Defendants LVNV Funding, LLC ("LVNV") and Blitt and Gaines, P.C. ("Blitt") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, as well as related state law violations. (Dkt. No. 1). On April 6th, 2023, Defendants removed Plaintiff's state court action to this Court pursuant to 28 U.S.C. § 1331 (federal question), § 1441, and § 1446. *Id*. A week later, Defendants moved to dismiss the suit under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. No. 6, Defendants' Motion to Dismiss ("Defs.' Mot. Dismiss")).

For the reasons stated herein, the Court grants Defendants' Motion to Dismiss.

### I. BACKGROUND

At the motion to dismiss stage, the Court accepts Plaintiff's well-pleaded allegations as true. In July 2017, Citizens Bank issued a debt consolidation loan to Plaintiff for $15,000. (Defs.' Mot. Dismiss Ex. 1.) After failing to make a single payment for five

months, Plaintiff's debt was charged off with a balance of $15,784.58. *Id*. On February 22, 2021, Defendant Blitt filed a state court action on behalf of LVNV against Connor to collect on the debt at its charge-off balance. *Id*. In their collection suit, Defendant LVNV purported to have purchased Plaintiff's debt, which was supported by an affidavit from an LVNV representative attesting to LVNV's purchase, among other documentation that included the debt's original promissory note and its assignment history. *Id*. In her answer to Defendants' collection action, Plaintiff admitted that "there is an amount due" but otherwise denied that repayment was owed to Defendants. (Defs.' Mot. Dismiss Ex. 2.) Without explanation, Defendants then voluntarily dismissed the matter without prejudice. (Defs.' Mot. Dismiss Ex. 3.)

Plaintiff subsequently filed this action, alleging that Defendants violated the FDCPA. She specifically alleges that Defendants filed their collection action which Defendants knew or should have known that they could not prove because Defendants did not attach admissible evidence to their initial collection filing. (Plaintiff's Response to Defs.' Mot. to Dismiss ("Resp.") Ex. 1 ¶¶ 19-21.) She contends that this is part of a broader scheme by Defendants, whereby Defendants file losing collection actions in state court with the ultimate hope of obtaining a default judgment, or else they voluntarily dismiss their complaint.

Defendants removed Plaintiff's FDCPA suit to federal court and filed the current motion to dismiss for a failure to state a claim. In her Response, Plaintiff did not address any of Defendants' arguments in the Motion to Dismiss. Instead, Plaintiff filed an Amended Complaint, which she claims will "cure any defects" raised by Defendants.

(Resp. ¶ 5.) Defendants urge the Court to disregard Plaintiff's Amended Complaint because it raises a slightly modified argument but is otherwise non-responsive to Defendants' Motion. As the Amended Complaint does not change the Court's decision, the Court will consider the most recent filing.

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a claimant must provide a "short and plain statement of the claim" showing that the pleader merits relief, FED. R. CIV. P. 8(a)(2), so the defendant has "fair notice" of the claim "and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 (1957)). The allegations in the complaint must meet a "plausibility" standard. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The Court will accept all well-pleaded facts in the complaint as true and "construe the allegations in the light most favorable to the plaintiff." *Thulin v. Shopko Stores Operating Co., LLC,* 771 F.3d 994, 997 (7th Cir. 2014). While the bar to survive a motion to dismiss is not high, *Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 463 (7th Cir. 2010), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014) (citing *Iqbal,* 556 U.S. at 678).

### III. **DISCUSSION**

#### A. The FDCPA

The FDCPA governs when and how debt collectors (including those who buy delinquent debts) may endeavor to collect from indebted consumers. *See* 15 U.S.C. § 1692a. The Act broadly prohibits unfair or deceptive conduct in debt collections. For example, debt collectors may not use unfair or unconscionable means to collect a debt. 15 U.S.C. § 1692f. "Unconscionable" includes collecting any amount not authorized by law or the original debt agreement. *Eul v. Transworld Syst.,* 2017 WL 1178537, at *13 (N.D. Ill., Mar. 30, 2017) (denying dismissal where debt-collecting defendant allegedly misrepresented debt amounts in affidavits and misrepresented their authority to pursue collection actions). The Act also prohibits false, deceptive, or misleading representations in connection with collecting a debt, including misrepresentations about "the character, amount, or legal status of any debt," threats to take any unlawful action, or empty threats. 15 U.S.C. § 1692e; *see, e.g., Cooper v. Retrieval-Masters Credit Bureau, Inc.,* 2017 WL 2404952, at *4 (N.D. Ill., June 2, 2016) (denying dismissal because empty threats to commence litigation are "deceptive" under the FDCPA).

To state a claim under the FDCPA, a claimant must allege that (1) the Defendant qualifies as a "debt collector" as defined in § 1692a(6), (2) the conduct of which she complains were taken "in connection with the collection of any debt," and (3) the conduct violated one of the FDCPA's substantive provisions. *Gburek v. Litton Loan Servicing LP,* 614 F.3d 380, 384 (7th Cir. 2010) (citation omitted) (internal quotation marks omitted) Defendants only challenge the third element.

Plaintiff's brief does not identify which subsections of § 1692e or § 1692f Defendants have allegedly violated, but the Court interprets Plaintiff to allege that Defendants' conduct was both false or deceptive (§ 1692e) and unfair or unconscionable (§ 1692f). Plaintiff's FDCPA allegation is premised on Defendants' failure to comply with state pleading standards – Plaintiff argues that the affidavit attached to Defendants' collection suit failed to comply with Section 8b of Illinois's Collection Agency Act ("ICAA"), 205 ILCS 740/8b. A failure to comply with Section 8b furnishes the opposing party with a complete defense to any collection under the ICAA, a defense which Plaintiff alleges Defendants knew or should have known existed. Plaintiff's Complaint then identifies the relevant enforcement mechanism provided by the State of Illinois for a deficient pleading. This is not a cognizable claim under the FDCPA because "the FDCPA is not an enforcement mechanism for matters governed elsewhere by state and federal law." *Bentrud v. Bowman,* 794 F.3d 871, 875 (7th Cir. 2015) (citing *Beler v. Blatt, Hasenmiller, Leibsker & More, LLC,* 480 F.3d 470, 474 (7th. Cir. 2007)).

The Court sees no meaningful difference between Plaintiff's Complaint here and the one in *Washington v. North Capital Star Capital Acquisition, LLC.,* 2008 WL 4280139 (N.D. Ill., Sept. 15, 2008). There, as here, plaintiff Washington alleged that defendant North Star violated the FDCPA because their initial collection action against plaintiff violated Illinois's ICAA. *Id.*, at *1. Like Connor, the plaintiff in *Washington* argued that the ICAA furnished plaintiff with a complete defense that North Star should have known about. *Id.*, at *2. But the *Washington* court reasoned that "[t]he FDCPA does not address state court litigation nor does it provide any requirements for what must be attached to

a state court complaint". *Id*. This remains true. There, as here, "the FDCPA will not be used as a vehicle to litigate claims arising under the Illinois rules of civil procedure." *Id*.; see also *Eul*, 2017 WL 1178537 (N.D. Ill., Mar. 30, 2017) (dismissing FDCPA claim based on ICAA violation).

Moreover, federal courts have repeatedly recognized that filing a collection lawsuit without the immediate means of proving the debt does not violate the FDCPA because a defendant is entitled to request more information or details about a plaintiff's claim. *See Harvey v. Great Seneca Financial Corp.,* 453 F.3d 324 (6th Cir. 2006); *Krawczyk v. Centurion Capital,* 2009 WL 395458 (N.D. Ill., March 30, 2017); *Washington v. North Capital Star Capital Acquisition, LLC.,* 2008 WL 4280139 (N.D. Ill., Sept. 15, 2008); *Clark v Unifund CCR Partners,* 2007 WL 1258113 (W.D. Penn., Apr. 30, 2007); *Deere v. Javitch, Block and Rathbone LLP,* 413 F. Supp. 2d 886 (S.D. Ohio 2006).

Plaintiff also alleges, without any factual assertions, that Defendants' litigation strategy is part of a broader scheme to file collection actions with the hope of obtaining a default judgment, and voluntarily dismissing any collection suit if and once debtors challenge Defendants' collect actions. It is undisputed that Illinois law permits a plaintiff an absolute right to dismissal without prejudice, for any reason or for no reason, any time before trial. *St. John v. Cach, LLC,* 822 F.3d 388, 391 (7th Cir. 2016) (citing *Ciers v. O.L. Schmidt Barge Lines, Inc.,* 285 Ill. App. 3d 1046, 1050 (5th Dist. 1996) (recognizing a plaintiff's "absolute right to voluntarily dismiss the case without prejudice prior to trial")). Defendants' exercise of that right absent allegations of a false representation or unconscionable conduct does not transform Plaintiff's Complaint into an FDCPA violation.

*See also Deere v. Javitch, Block and Rathbone LLP,* 413 F. Supp. 2d 886, 891 (S.D. Ohio 2006).

## IV. CONCLUSION

For the reasons stated herein, the Court grants LVNV and Blitt's Motion to Dismiss (Dkt. No. 6). The case is dismissed with prejudice.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: 11/21/2023